WESTERN SURETY COMPANY, a Corp., Plaintiff in Error,

v.

Teresa HANCOCK, and Executrix of the Estate of W. E. Bailey, Deceased, Defendant in Error.

No. 36220.

Supreme Court of Oklahoma.

Sept. 14, 1954.

394

Alpheus Varner, Poteau, G. Byron Dobbs, Fort Smith, Ark., for plaintiff in error.

Joe K. Page, Poteau, for defendant in error.

JOHNSON, Vice Chief Justice.

This is an action brought by W. E. Bailey against John C. Pfalzgraf as principal and Western Surety Company, a Corporation, as surety, for loss and damage allegedly occurring under the terms of a real estate broker's bond. The condition of the bond being that principal had applied for and received a real estate broker's license from the State of Oklahoma and that the principal and surety would pay to the extent of $1,000 for any judgment which may be recovered against him for loss or damages arising from his activities as such real estate broker during the current license year (1951) as provided in Chap. 18, Title 59, Page 406 of the Oklahoma Session Laws of 1949, 59 O.S.1951 § 831 et seq.

A prior action against Pfalzgraf by Bailey for damages for failure to return an escrow deposit resulted in a judgment for $2,500, which was made a part of the petition in the present action.

The surety company denied liability on the grounds that the transaction upon which the liability is predicated did not come within the term of the bond, contending that it was incumbent upon plaintiff to prove that the breach occurred while the bond was in force or during its term.

The record discloses that after the adduction of plaintiff's evidence the defendant Surety Company demurred thereto which demurrer was overruled with exceptions. Thereupon the Surety Company moved for judgment in its favor on the grounds that the evidence was insufficient to sustain the allegations of plaintiff's petition, or to entitle him to judgment against defendant Surety Company, which also was overruled with exceptions. Defendant stood on its demurrer and motion. Thereupon judgment was rendered for plaintiff. Defendant's motion for a new trial was overruled resulting in this appeal.

The bond upon which this action is brought provided that it would expire December 31, 1951. Section 19 of the 1949 Act, page 409, 1949 Session Laws, provides that every real estate broker's license granted under the Act and every renewal thereof

shall expire on the thirty-first day of December in the year in which the license is issued. Consequently, under the express language of the statute and bond, no right of recovery against the surety exists except for proven loss or damage arising from broker's activities as such real estate broker during the current license year while the bond was in force.

We are of the opinion that plaintiff sufficiently alleged a specific date of loss which occurred while the fidelity bond was in force, but plaintiff failed to prove that essential element of his cause of action.

The burden was on the plaintiff to prove the facts essential to his cause of action. It was incumbent upon plaintiff to establish loss under the fidelity bond; that the loss was caused by an act or default of the person whose fidelity is insured, within the terms of the bond; and that the loss was sustained while the bond was in force. 50 Am.Jur. Suretyship, Sec. 357.

The judgment is reversed and new trial granted.

HALLEY, C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.